IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 15-cv-01318-LTB-MEH

DANY L. CLEMENTSON,

      Plaintiff/Counter Defendant,

v.

USB REAL ESTATE SECURITIES, INC., and
BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,

      Defendants,

and

NATIONSTAR MORTGAGE LLC,

      Defendant/Counter-Claimant/Third-Party Plaintiff,

v.

CYNTHIA CLEMENTSON,

      Third-Party Defendant.

_____

ORDER
_____

This case is before me on Plaintiff's Motion for Remand to the District Court for

Jefferson County Colorado [Doc #32 ].  After consideration of the motion, related pleadings, and

the case file, I deny the motion for the reasons set forth below.

**I.  Background**

Plaintiff filed his Complaint in the Jefferson County District Court on January 9, 2015,

2011 and asserted the following claims against Defendants and numerous other parties: (1) quiet

title under Colo. Civ. P. P. 105; (2) civil conspiracy; (3) civil theft; (4) conspiracy to commit

civil theft; (5) "rights in stolen property" under C. R.S. § 18-4-405; (6) violations of the

Colorado Fair Debt Collection Practices Act (the "CFDCPA"); (7) intentional infliction of emotional distress; (8) offering a false instrument for recording; and (9) invasion of privacy.

Defendants Nationstar Mortgage, LLC ("Nationstar") and Bank of New York Mellon Trust Company, N.A. ("BMNY"), filed answers to Plaintiff's Complaint.  Nationstar also asserted counterclaims against Plaintiff for deceit based on fraud, unjust enrichment, breach of contract, and judicial foreclosure of the property and third-party claims against Plaintiff's wife for unjust enrichment, breach of contract, and judicial foreclosure of the property.  UBS did not answer Plaintiff's Complaint or otherwise enter an appearance in this case despite apparently being served several months ago.  *See* Doc # 1, Ex. 25.

The Jefferson County District Court subsequently dismissed all defendants from the case but for Nationstar, BMNY, and UBS Real Estate Securities, Inc. ("UBS") and dismissed all of Plaintiff's claims but for his claims to quiet title and for violations of the CFDCPA without prejudice.  *See* Doc # 1, Exs. 9 & 10.  Thus, the case has been in its current posture since June 9, 2015.

On June 16, 2015, Nationstar and BMNY (the "Removing Defendants") filed their Notice of Removal pursuant to 28 U.S.C. § 1332(a) asserting that there is complete diversity between the remaining parties and that the amount in controversy exceeds $75,000.  *See* Doc # 1.

**II.  Plaintiff's Motion to Remand**

Plaintiff first argues that the Removing Defendants waived their right to remove this case by their actions in connection with a different but related Rule 120 proceeding in which BMNY failed to obtain an order authorizing the sale of the property at issue in this case.  I disagree.

While a party may waive the right to remove a case to federal court "by taking some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal by the federal court," *Harvey v.*

*UTE Indian Tribe of the Uintah and Ouray Reservation,* — F.3d — , 2015 WL 4758958 at *7

(10th Cir. August 13, 2015) (citations omitted), the requisite action in the state court must be

taken in the same proceeding. *See Hingst v. Providian Nat'l Bank,* 124 F. Supp. 2d 449 (S.D.

Tex. 2000) (a defendant's conduct in a prior lawsuit has no bearing on the removability of a later

suit even where the claims are the same). Thus, BMNY's actions in the Rule 120 proceeding

cannot effectuate a waiver of the Removing Defendants' right to remove this case. I further note

that Nationstar was not even a party to the Rule 120 proceeding.

 Plaintiff also argues that the requisite amount in controversy for this Court to exercise

diversity jurisdiction is not present because the lien on the subject property was found to be

extinguished in the prior Rule 120 proceeding and therefore has no value and because his

damages on his CFDCPA claim are unlikely to approach $75,000. I disagree.

The amount in controversy on claims for injunctive or declaratory relief is measured by

the value of the object of the litigation to the plaintiff or the cost to the defendant of the

requested relief. *Lovell v. State Farm Mutual Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006)

(citation omitted). Plaintiff alleges that the principal amount owing on the 2003 promissory note

secured by the deed of trust at issue was $188,000 and admits that he has not made any payments

on the note since 2006. *See* Plaintiff's Complaint, ¶¶ 18 & 21. Thus, if Plaintiff prevails on his

claim to quiet title, the cost to the Removing Defendants of being unable to enforce the deed of

trust exceeds $75,000. The jurisdictional minimum for this Court to exercise diversity

jurisdiction over this case is therefore satisfied.

Plaintiff next argues that the removal of this case is untimely because the Removing

Defendants filed their notice more than 30 days after he agreed to the dismissal of the Colorado

defendants. Plaintiff's agreement to dismiss the non-diverse defendants did not, however,

effectuate the dismissal of these parties. *See* Colo R. Civ. P. 41(a) (action can be voluntarily

dismissed by plaintiff's filing of notice of dismissal or stipulation of dismissal signed by all parties who have appeared or by court order).  Thus, until the state district court issued its order of dismissal on June 9, 2015, the non-diverse defendants remained parties to the case and complete diversity was lacking.  The Removing Defendants' Notice of Removal was therefore timely filed.

Finally, Plaintiff argues that the Removing Defendants removal of this case must fail because the Removing Defendants failed to obtain the consent of UBS who remains a party to this case despite its failure to answer Plaintiff's Complaint or otherwise enter an appearance in this case several months after being served.  In fact, Plaintiff previously asked the state district court to enter default against UBS but this request was denied for reasons that are unclear from the record before me.  *See* Doc # 1, Ex. 25.  I disagree that UBS's consent to removal was necessary under the circumstances of this case.

Even if UBS had some interest in the promissory note and deed of trust at issue in this case at some point, it is in default and is therefore not currently claiming to have such an interest. Additionally, UBS is not a party to Plaintiff's CFDCPA claim.  Thus, even assuming that UBS is a proper party to this case which the Removing Defendants dispute, it is a nominal party at most. A "nominal party" is one "with no real interest in the controversy." *Hann v. City of Clinton, Oklahoma,* 131 F.2d 978, 981 (10th Cir. 1942).  Although all defendants must generally consent to the removal of a case, it is not necessary to obtain the consent of a nominal party.  *See McShares v. Barry,* 979 F. Supp. 1338, 1342 (D. Kan 1997) (noting exceptions to unanimity requirement for removal including that for  nominal defendants).  It was therefore unnecessary for the Removing Defendants to obtain UBS's consent to the removal of this case though they made diligent but unsuccessful efforts to consult UBS after the filing of Plaintiff's Motion to Remand.

For the reasons set forth above, I conclude that the Removing Defendants have met their burden of establishing that this Court has jurisdiction over this case. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (burden is on party seeking removal to establish federal jurisdiction).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand to the District Court for Jefferson County Colorado [Doc #32 ] is DENIED.

Dated: September   23rd  , 2015 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE